IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | 8:16CV528 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| CITY OF OMAHA , | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed her pro se Complaint on December 5, 2016 (Filing No. 1), and was granted leave to proceed in forma pauperis on December 7, 2016 (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Liberally construing the Complaint, Plaintiff alleges that she was falsely charged with a criminal offense and placed on pretrial release for a period of 18 months before the charges were dismissed by the prosecutor. She sues the City of Omaha for $100 million in damages.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION OF CLAIM

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See* Doe By and Through Doe v. Washington Cnty., 150 F.3d 920, 922 (8th Cir. 1998) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty., 901 F.2d 642, 645 (8th Cir. 1990) (citing Pembaur v.

*City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations of an official policy or custom in her Complaint. Therefore, she has not alleged sufficient facts to "nudge" her claim against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

### IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. On its own motion, however, the court will permit Plaintiff to file an Amended Complaint.

IT IS THEREFORE ORDERED:

1. Plaintiff will have 30 days in which to file an Amended Complaint that states a claim upon which relief can be granted.

3

2. Failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. The clerk's office is directed to set a pro se case management deadline using the following text: January 12, 2017: check for amended complaint.

DATED this 13th day of December, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge