IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VERONICA VALENTINE, | ) | 8:16CV528 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| CITY OF OMAHA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    On December 5, 2016 Plaintiff filed her pro se Complaint (Filing No. 1). On December 16, 2016, after Plaintiff was granted leave to proceed in forma pauperis, the court conducted an initial review of the Complaint to determine whether summary dismissal was appropriate under 28 U.S.C. § 1915(e)(2).

    Plaintiff alleged that she was falsely charged with a criminal offense and placed on pretrial release for a period of 18 months before the charges were dismissed by the prosecutor. The court determined that the Complaint failed to state a claim upon which relief could be granted against the City of Omaha, the only named Defendant, because Plaintiff did not allege that an official policy or custom caused the alleged deprivation of her constitutional rights, but Plaintiff was granted leave to amend to correct this pleading deficiency. An Amended Complaint (Filing No. 7) was filed on December 21, 2016.

## I. SUMMARY OF THE AMENDED COMPLAINT

    In addition to suing the City of Omaha, Plaintiff has now named seven police officers and one other individual as Defendants, together with Douglas County and the State of Nebraska. Plaintiff has provided additional information regarding searches of her residence and person in July 2015, and of her arrest in January 2016, but the events described are the subject two other pending actions filed by Plaintiff in this

court. Thus, in Case No. 8:16CV131, which was filed on March 25, 2016, Plaintiff complains about a body cavity search that was conducted at her residence in July 2015. In Case No. 8:16CV174, which was filed on April 19, 2016, Plaintiff again complains about the body cavity search, alleges that criminal charges filed against her in January 2016 for possession of a controlled substance resulted from an illegal search, and alleges that excessive force was used in arresting her in January 2016.

In the present case, Plaintiff alleges that the warrant for her arrest was issued on January 16, 2016, that she "had to stay in jail for 1 to 2 days" where she "had a felony hold on [her] for possession of a controlled substance," and that after getting out of jail she "was placed on pretrial for about 9 months" (Filing No. 7 at CM/ECF p. 4). Plaintiff's Amended Complaint contains no factual allegations to show that she was falsely charged with a criminal offense because of a municipal policy or custom.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIM

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *See Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not present any allegations of an official policy or custom in her Amended Complaint. Therefore, she has not alleged sufficient facts to "nudge" her claim against the City of Omaha, or Douglas County, or the State of Nebraska, across the line from conceivable to plausible under the *Jane Doe* standard. None of the allegations made against individual Defendants show that they violated Plaintiffs' constitutional rights in any respect that is not already subject to litigation in the previously filed actions.

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff will not be allowed to file a second amended complaint because the court has concluded that to do so would be futile.

IT IS THEREFORE ORDERED that the case is dismissed without prejudice. The court will enter judgment by a separate document.

DATED this 18th day of January, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge